Ttjckeb, P.
I concur with the chancellor, that under the statute for the regulation of the scire facias to repeal a patent, an equitable title must be shewn in the party prosecuting the petition, where it is sued out by a private individual, and not ex officio by the officers of the commonwealth. The language of the statute puts *400 this beyond doubt, and its purpose is commendable and * judicious. If, therefore, the appellants have not an equitable title against the appellees, the scire facias must fail.
• -ft cann°t be denied, that the want of an entry on the part of the grantees under whom King’s heirs clairb, would have been fatal to their title, had it been contested by a caveat. The entry of Donnell, which has not been successfully assailed, must have prevailed over the irregular and unauthorized survey of the Bra-dens. Nor" do I think a failure to caveat would have debarred the appellants from asserting their equity in a court of chancery, as against the grantees, as the want of an entry was, in my opinion, an ample excuse for that failure. The adventurer who has made his entry has indeed always been held to be affected by constructive notice of the entries appearing upon the book of entries. Until he has completed his own works, and perfected his title by a grant, it is his business to look to that book, to see who interferes with his pretensions, and to arrest by caveat the surveying and patenting of a junior interfering location. And when the book of entries exhibits no such interference, when upon examination- there appears to be no adversary claim, he is justified in presuming that there is no junior locator to contend with. The attempt to procure a survey and patent without a previous entry, thus operates a fraud upon the prior adventurer, who is lulled into security by-this gross violation of the provisiqns of the land law, and filés no caveat to the proceeding, because he is ignorant of its existence. This constitutes such a fraud as to give jurisdiction to a court of equity, and to take the case out of tlie operation of the doctrine of that class of cases of which Noland v. Cromwell is at the head; and as against the grantees, and all persons claiming under them with actual notice of the junior grantee’s equitable title, that title would prevail. But *401 not so as to purchasers without actual notice. Purchasers from patentees are not bound to look behind their own or antagonizing patents, to sec what might have been the state of equities between them. The book of entries is presumptive notice to aLl adventurers in their progress to a patent, but it would be greatly mischievous if purchasers under a patent were held to be affected by constructive notice of a prior entry. If the first purchaser would be so affected, every successive purchaser would be affected also, until the benign influence of the equitable limitation should conclude the assertion of such stale and obscure demands. In the case of French v. Loyal Company, 5 Leigh 627. I have presented the reasons which suggested themselves in support of this doctrine, and to them I refer.
In the present case, the defendants allege that King’s purchase and acquisition of title were without notice of the plaintiffs’ claim. The allegation is indeed set forth in the answer, and not by way of plea; but the industry of my brother Carr has presented a train of authorities, which shew that the defence may well be insisted on by way of answer. There is not, in the record, the slightest attempt to prove notice, so that the defence stands uncontradicted and unimpugned. The consequence is, that the decree is right and must be affirmed.
Decree affirmed.